927 F.2d 604
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Katie M. JOHNSON, Plaintiff-Appellant,
v.
CHATTANOOGA BOARD OF EDUCATION, Defendant-Appellee.
 No. 90-5593.
 United States Court of Appeals, Sixth Circuit.
 Feb. 27, 1991.
 
 On Appeal from the United States District Court for the Eastern District of Tennessee, 88-00335, EDGAR, J.
 E.D.Tenn.
 AFFIRMED.
 Before BOYCE F. MARTIN, Jr. and BOGGS, Circuit Judges; and ENGEL, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Katie M. Johnson appeals the decision of the district court granting the Chattanooga Board of Education's motion for summary judgment. For the reasons set forth in this opinion, we affirm.
 
 
 2
 Katie Johnson was employed as a teacher of second grade students at Hixson Elementary School from 1972 until September 1986. At the end of the 1984-85 school year, Johnson missed several school days due to soreness in her feet. She was diagnosed as suffering from plantar fafcitis and heel pain syndrome. This condition restricted her ability to stay on her feet for long periods of time. In April 1986, Johnson was informed by Ken Wilson, the principal of Hixson, that she would be re-assigned to either a first or a third grade class the following year at her option. Mr. Wilson was in the process of re-assigning his staff to comply with a federal court order handed down in March 1986, requiring the Chattanooga School System to desegregate its staff on a 60/40 basis. Over her objection, Johnson was assigned to teach the third grade.
 
 
 3
 In September, 1986, Johnson was transferred from Hixson Elementary School to Highland Park Elementary School after a verbal altercation took place between Mr. Wilson and Johnson's husband. Shortly after this transfer, Johnson took a disability leave of absence. She later returned to work in the fall of 1988 at Clifton Hills Elementary School, where she is currently assigned.
 
 
 4
 Johnson brought suit alleging that the Chattanooga Board of Education discriminated against her in violation of the Age Discrimination in Employment Act, 29 U.S.C. Secs. 621 et seq., and in violation of the Rehabilitation Act, 29 U.S.C. Secs. 794 et seq. Specifically, Johnson alleged that the decision to transfer her from the second grade was based in substantial part on her age and on her handicap. As a result of the transfer, Johnson claims to have suffered a deprivation of professional stature, recognition and opportunity. The district court granted summary judgment to the defendant as to both claims. With respect to the age discrimination claim, the district court found that Johnson failed to establish a prima facie case under McDonnell Douglas v. Green, 411 U.S. 792 (1973), by failing to present any significant probative evidence that she was "discharged." With respect to the Rehabilitation Act claim, the district court determined that Johnson failed to establish a prima facie case by not introducing any probative evidence to prove that she had been injured. Johnson now appeals.
 
 
 5
 This Court applies a de novo standard of review when reviewing a grant of summary judgment. EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). A motion for summary judgment should be granted only if, based on the record as a whole and viewing the evidence in the light most favorable to the non-moving party, there is no genuine issue as to any material fact. Kochins v. Linden-Alimak, Inc., 799 F.2d 1128, 1130 (6th Cir.1986). Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint. Gregg v. Allen-Bradley Co., 801 F.2d 859, 861 (6th Cir.1986).
 
 
 6
 To establish a prima facie case under the Age Discrimination Act, Johnson must demonstrate that (1) she was a member of the protected class, i.e., that she was between the ages of 40 and 65 years of age; (2) that she was subjected to an adverse employment action; (3) that she was qualified for the particular position; and (4) that she was replaced by a person not a member of the protected class. Gagne v. Northwestern Nat'l. Ins. Co., 881 F.2d 309, 313 (6th Cir.1989); Simpson v. Midland-Ross Corp., 823 F.2d 937 (6th Cir.1987). Although this Court has repeatedly rejected strict adherence to this four-part formula under the Age Discrimination Act, see, e.g., Merkel v. Scovill, Inc., 787 F.2d 174, 177 (6th Cir.), cert. denied, 479 U.S. 990 (1986); Rose v. National Cash Register Corp., 703 F.2d 225, 227 (6th Cir.), cert. denied, 464 U.S. 939 (1983); Blackwell v. Sun Electric Corp., 696 F.2d 1176, 1179 (6th Cir.1983), we have found it to be a useful starting point for a case-by-case analysis. Simpson, 823 F.2d at 940-41; Laugesen v. Anaconda Co., 510 F.2d 307, 312 (6th Cir.1975).
 
 
 7
 We conclude that Johnson has failed to introduce sufficient evidence to establish a prima facie case of age discrimination. Johnson has not demonstrated that her transfer from teaching second grade to teaching third grade was an "adverse employment action." The fact that Johnson would have preferred to continue to teach the second grade and was denied that preference does not give rise to a legally cognizable injury. Johnson is not entitled to employment at any particular school or in any particular capacity, so long as any transfer from where she was did not amount to a discharge or "demotion," see, e.g., TENN.CODE ANN. Sec. 49-5-510 (1990); McKenna v. Sumner County Bd. of Educ., 574 S.W.2d 527 (Tenn.1978); State v. Yoakum, 201 Tenn. 180, 297 S.W.2d 635 (1956) (no teacher under tenure law is guaranteed continuity of employment in a particular assignment or school), or "render utterly useless" her past experience teaching second grade children, see Rodriguez v. Bd. of Educ. of Eastchester Union of Free Sch. Dist., 620 F.2d 362, 366 (2d Cir.1980). As a result of her transfer, Johnson suffered no loss of salary, benefits or tenure. Furthermore, her transfer from the second grade level to the third grade level did not so radically alter her teaching environment as to render her past experience "useless." Rodriguez, 620 F.2d at 366.
 
 
 8
 Johnson also contends that the district court erred in dismissing her claim under the Rehabilitation Act. To establish a prima facie case under the Rehabilitation Act, Johnson must demonstrate that (1) she is an "otherwise qualified handicapped individual" for the purposes of the act; (2) that she was "excluded from participation in, denied the benefits of, or subjected to discrimination" because of the handicap; and (3) the defendant's program or activity received Federal financial assistance. See Reynolds v. Brock, 815 F.2d 571, 574 (9th Cir.1987); Prewitt v. United States Postal Service, 662 F.2d 292, 310 (5th Cir.1981).
 
 
 9
 We again conclude that Johnson has failed to introduce sufficient evidence to establish a prima facie case under the Act. Johnson has failed to demonstrate how she was "excluded from participation in, denied the benefits of, or subjected to discrimination" because of a handicap, in satisfaction of the second element of the prima facie case. There is simply no evidence to establish that Johnson suffered a legally cognizable injury under the Act due to her transfer from teaching the second to third grade.
 
 
 10
 Accordingly, the judgment of the district court is affirmed.